**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 14-cv-01186-CMA

GABRIEL ESPARZA,

    Applicant,

v.

JAMES FALK, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

**ORDER TO DISMISS IN PART**

---

Applicant, Gabriel Esparza, is a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility in Sterling, Colorado. Mr. Esparza has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Doc. # 1) ("the Application") challenging the validity of his conviction and sentence in Arapahoe County District Court case number 04CR1256.

On April 29, 2014, Magistrate Judge Boyd N. Boland ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action. On May 9, 2014, Respondents filed a Pre-Answer Response (the "Response") (Doc. # 8). In the Response, Respondents concede that the instant action is timely and that Claims 1, 2, 3, 4, 5, 6, and 7(d) are exhausted but argue that Claims

7(a) and (b) are unexhausted and Claim 7(c) is procedurally defaulted. On May 29, 2014, Mr. Esparza filed his "Reply to Pre-Answer Response" (the "Reply") (Doc. # 9).

The Court must construe the Application and the Reply filed by Mr. Esparza liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action, in part.

## I. BACKGROUND

After a jury trial, Mr. Esparza was convicted of first degree murder of his estranged wife, aggravated motor vehicle theft, and violation of a protective order. (Doc. # 8-13 at 3). He was sentenced to life without parole. (*Id.*). He appealed the judgment of conviction, and the Colorado Court of Appeals affirmed. *See People v. Esparza,* No. 05C1952, slip op. at 1 (Colo. App. Apr. 30, 2009) (Doc. # 1-1 at 2). On July 20, 2009, the Colorado Supreme Court denied Mr. Esparza's petition for writ of certiorari on direct appeal. (*See* Doc. # 1-2).

On December 7, 2009, Mr. Esparza filed in the state district court a post-conviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure. (*See* Doc. # 8-1 at 4). Mr. Esparza also requested that postconviction counsel be appointed, but the state district court denied the request and summarily denied his Rule 35(c) motion. (*See* Doc. # 1-3). On January 19, 2012, the Colorado Court of Appeals affirmed the trial court's order denying the Rule 35(c) motion. (*See* Doc. # 1-4 at 2).

On September 23, 2013, the Colorado Supreme Court denied Mr. Esparza's petition for writ of certiorari in the state court postconviction proceedings. (*See* Doc. # 1-5.)

On April 28, 2014, Mr. Esparza filed the § 2254 Application asserting seven claims for relief. He asserts in Claim 1 that his Fourth Amendment rights were violated when he was arrested without a warrant and searched. He contends in Claim 2 that the trial court violated his Fourth Amendment rights by denying his motion to suppress evidence from invalid searches. Mr. Esparza asserts in Claim 3 that he was tried before a biased judge who should have recused himself in violation of his due process rights under the Fifth and Fourteenth Amendments. He asserts in Claim 4 that the trial court violated his due process rights under the Sixth and Fourteenth Amendments by making prejudicial evidentiary rulings. He alleges in Claim 5 that his due process rights were violated because the prosecution misled defense counsel and the trial court refused to hold a suppression hearing. Mr. Esparza also asserts in Claim 6 his due process rights were violated by prosecutorial misconduct. Mr. Esparza finally contends in Claim 7 that he received ineffective assistance of trial counsel because (a) counsel did not conduct a sufficient investigation into his casino alibi defense; (b) counsel failed to secure a Gun Shot Residue expert to challenge the State's interpretation of the CBI test results; (c) counsel did not represent him during the motions hearing concerning a forced handwriting exemplar; and (d) counsel infringed on his right to plead not guilty and to testify on his own behalf by admitting his guilt to the jurors in opening statements.

## II. ONE-YEAR LIMITATION PERIOD

Respondents concede that this action is not barred by the one-year limitation period in 28 U.S.C. § 2244(d).

## III. EXHAUSTION OF STATE REMEDIES

Respondents also concede that Claims 1, 2, 3, 4, 5, 6, and 7(d) are exhausted. However, Respondents argue that Claims 7(a) and (b) are unexhausted and Claim 7(c) is procedurally defaulted.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S.

at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (*per curiam*). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (*per curiam*).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal *habeas corpus* action bears the burden of showing he has exhausted all available state remedies for each particular claim. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992). A blanket statement that state remedies have been exhausted does not satisfy this burden. *See Olson v. McKune*, 9 F.3d 95 (10th Cir. 1993); *see also Fuller v. Baird*, 306 F. App'x 430, 431 n.3 (10th Cir. 2009) (stating that a bald assertion unsupported by court records is insufficient to demonstrate state remedies are exhausted).

**A.    CLAIMS 7(a) AND (b)**

As noted above, Mr. Esparza contends in Claim 7 that his trial counsel was ineffective for (a) not conducting a sufficient investigation into his alibi defense; and (b) not securing a Gun Shot Residue expert to challenge the State's CBI test results. Respondents contend that Mr. Esparza failed to exhaust state remedies for Claims 7(a) and (b) because, although he raised the claims as a question of federal constitutional law to the Colorado Court of Appeals in his postconviction proceedings, he did not

include the claims in his postconviction petition for writ of certiorari to the Colorado Supreme Court.

Respondents are correct that, in order to exhaust state court remedies, a claim must be presented to the state's highest court if review in that court is available. *See O'Sullivan*, 526 U.S. at 845. However, "there is nothing in the exhaustion doctrine requiring federal courts to ignore a state law or rule providing that a given procedure is not available." *Id*. at 847-48. Therefore, if a state articulates that a certain avenue for relief is not part of its standard appellate review process, it is not necessary for a defendant to pursue that avenue in order to exhaust state remedies. *See id.*

The State of Colorado has articulated that review in the Colorado Supreme Court is not part of the standard state appellate review process. More specifically, the Colorado Appellate Rules provide that:

> In all appeals from criminal convictions or postconviction relief matters from or after July 1, 1974, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error. Rather, when a claim has been presented to the Court of Appeals or Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies.

Colo. App. R. 51.1(a). Pursuant to Colo. App. R. 51.1(a), the Court finds that review in the Colorado Supreme Court is not required to exhaust state remedies if the claim in question was presented fairly to, and relief was denied by, the Colorado Court of Appeals. *See e.g., Valenzuela v. Medina*, No. 10-cv-02681-BNB, 2011 WL 805787

(D. Colo. Feb. 28, 2011). As noted above, Respondents concede that Mr. Esparza fairly presented Claims 7(a) and (b) to the Colorado Court of Appeals and it is clear that the Colorado Court of Appeals denied relief. (*See* Doc. # 8 at 16; Doc. # 8-13 at 10, 12-13).

The Court is not persuaded by Respondents' argument that a petition for writ of certiorari is necessary to exhaust state remedies in Colorado. The Court's conclusion is supported by the fact that four circuit courts have determined that state rules similar to Colo. App. R. 51.1(a) eliminate the need to seek review in the state's highest court in order to satisfy the exhaustion requirement. *See Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004); *Adams v. Holland*, 330 F.3d 398, 401-03 (6th Cir. 2003); *Randolph v. Kemna*, 276 F.3d 401, 404-05 (8th Cir. 2002); *Swoopes v. Sublett*, 196 F.3d 1008, 1009-10 (9th Cir. 1999). Therefore, the Court finds that Claims 7(a) and (b) are exhausted.

**B.    CLAIM 7(c)**

As noted above, Mr. Esparza contends in Claim 7(c) that his trial counsel was ineffective because counsel did not represent him during a motions hearing concerning a forced handwriting exemplar. Respondents argue that Mr. Esparza failed to exhaust this claim because he did not present the claim to the Colorado Court of Appeals. The Court has reviewed the briefs in the postconviction proceedings and agrees that Mr. Esparza did not present this claim to the Colorado Court of Appeals. Therefore,

the Court finds that Mr. Esparza fails to satisfy his burden of demonstrating that Claim 7(c) is exhausted.

## IV. **PROCEDURAL DEFAULT**

Although Mr. Esparza failed to exhaust state remedies for Claim 7(c), the Court may not dismiss the claim for failure to exhaust state remedies if Mr. Esparza no longer has an adequate and effective state remedy available to him. *See Castille*, 489 U.S. at 351. Respondents assert that claim 7(c) is procedurally defaulted.

If it is obvious that an unexhausted claim would be procedurally defaulted in state court, the claim is held procedurally barred from federal habeas review. *Steele v. Young,* 11 F.3d 1518, 1524 (10th Cir. 1993) (citing *Coleman v. Thompson,* 501 U.S. 722, 735 n .1 (1991); *Harris v. Reed,* 489 U.S. 255, 269–70 (1989)). The Colorado Rules of Criminal Procedure prohibit successive postconviction Rule 35 motions with limited exceptions. *See* Colo. R. Crim. P. 35(c)(3)(VI) and (VII). The exceptions are not applicable to Mr. Esparza's unexhausted Claim 7(c). *Id.* Thus, Claim 7(c) is subject to an anticipatory procedural bar. *See Anderson v. Sirmons,* 476 F.3d 1131, 1139 n. 7 (10th Cir. 2007).

As a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). Even if the unexhausted claim has not actually been raised and rejected by the state

courts, the claim still is subject to an anticipatory procedural default if it is clear that the claim would be rejected because of an independent and adequate state procedural rule. *See Coleman*, 501 U.S. at 735 n.1.  Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns.  *See Coleman*, 501 U.S. at 730.  Mr. Esparza's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice.  *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

To demonstrate cause for his procedural default, Mr. Esparza must show that some objective factor external to the defense impeded his ability to comply with the state's procedural rule.  *See Murray v. Carrier*, 477 U.S. 478, 488 (1986).  "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [applicant]."  *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted).  If Mr. Esparza can demonstrate cause, he also must show "actual prejudice as a result of the alleged violation of federal law."  *Coleman*, 501 U.S. at 750.

Mr. Esparza makes no attempt to demonstrate any basis for finding cause and prejudice or a fundamental miscarriage of justice for his procedural default.  However, he may be contending that a failure to consider Claim 7(c) will result in a fundamental miscarriage of justice because he asserts that he "has never waivered [sic] in his assertion that he was innocent." (Doc. # 1 at 22).

A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496. Mr. Esparza's conclusory assertion that he has maintained his innocence is not sufficient to demonstrate the existence of a fundamental miscarriage of justice because he fails to offer new evidence of actual innocence. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995) (stating that a credible claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial"). Therefore, Claim 7(c) is procedurally barred from federal habeas review and must be dismissed.

## V. **CONCLUSION**

In summary, Respondents do not raise the one-year limitation period as an affirmative defense and Respondents concede that Claims 1, 2, 3, 4, 6, and 7(d) are exhausted. The Court rejects Respondents' arguments that Claims 7(a) and (b) are unexhausted. However, Claim 7(c) will be dismissed as unexhausted and procedurally barred. Accordingly, it is

ORDERED that Claim 7(c) in the Application is DISMISSED because the claim is unexhausted and procedurally barred. It is

FURTHER ORDERED that within thirty days Respondents are directed to file an answer in compliance with Rule 5 of the Rules Governing Section 2254 Cases that fully addresses the merits of the remaining claims. It is

FURTHER ORDERED that within thirty days of the filing of the answer Applicant may file a reply, if he desires.

DATED:  August   21  , 2014

BY THE COURT:

*Christine M Arguello*
_____
CHRISTINE M. ARGUELLO
United States District Judge